UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANDY LEE BATISTE #124950**           **CIVIL ACTION**

**versus**                              **NO. 09-2558**

**STATE OF LOUISIANA**                  **SECTION: "A" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Randy Lee Batiste, is a state prisoner currently incarcerated at the St. Tammany Parish Jail, Covington, Louisiana.[1] On January 27, 2005, he pleaded guilty to possession

---

[1] Rec. Doc. 5.

of cocaine in violation of La.Rev.Stat.Ann. § 40:967.[2] On February 1, 2005, he pleaded guilty to being a second offender and was sentenced as such to a term of ten years imprisonment.[3] He did not appeal his conviction, multiple offender adjudication, or sentence.

On September 27, 2005, petitioner filed with the state district court a "Motion to Reconsider and/or Modify Sentence"[4] which was denied on October 7, 2005.[5] He did not seek review of that denial.

On November 14, 2005, petitioner filed with the state district court a "Motion to Obtain Court Transcripts."[6] Although there was apparently no formal ruling on that request, he was provided with copies of some of the requested documents.[7]

---

[2] State Rec., Vol. I of I, transcript of January 27, 2005; State Rec., Vol. I of I, minute entry dated January 27, 2005.

[3] State Rec., Vol. I of I, minute entry dated February 1, 2005.

[4] State Rec., Vol. I of I. That application was stamped as filed by the clerk of court on October 3, 2005. However, the United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's application was signed September 27, 2005; therefore, that is the earliest date it may be considered "filed."

[5] State Rec., Vol. I of I.

[6] State Rec., Vol. I of I.

[7] State Rec., Vol. I of I, letter to petitioner dated December 27, 2005.

On or about January 17, 2006, petitioner filed with the state district court an application for post-conviction relief[8] which was denied on January 24, 2006.[9] He did not seek review of that denial.

On or about February 8, 2006, petitioner filed with the state district court a motion asking that the attachments to his post-conviction application be returned to him and that he be given a copy of District Attorney's file. On March 9, 2006, the former request was granted and the latter request was denied.[10]

On March 30, 2006, petitioner filed a federal application for *habeas corpus* relief. On September 20, 2006, that petition was dismissed without prejudice based on petitioner's failure to exhaust his state court remedies.[11]

While that federal application was pending, petitioner, on or about August 23, 2006, returned to the state district court to file a "Motion to Vacate/Correction of Illegal Sentence" which

---

[8] Petitioner did not date his application; however, it was stamped as filed by the court on January 17, 2006. In the absence of any information as to when the application was placed it in the prison mail system, this Court will use January 17 as the filing date. Although that date is only approximate, that fact is of no consequence in this proceeding because petitioner's federal application is *extremely* untimely.

[9] State Rec., Vol. I of I.

[10] State Rec., Vol. I of I.

[11] Batiste v. Louisiana, Civ. Action No. 06-2331, 2006 WL 2710485 (E.D. La. Sept. 20, 2006).

was denied on September 13, 2006.[12]  His related writ application was then denied by the Louisiana First Circuit Court of Appeal on November 29, 2006.[13]

On or about September 4, 2007, petitioner filed with the Louisiana First Circuit Court of Appeal a document entitled "Motion for Questions to be Answered."[14]  That motion was denied on September 14, 2007.[15]

In the interim, on September 7, 2007, petitioner filed in the state district court a document entitled "Review of Statutory Rights; Under Art. 882.B(2) 'Writ of Certiorari and Prohibition; Motion to Correct Illegal Sentence.'"  That motion was denied on September 26, 2007.[16]  Petitioner's related writ applications were thereafter denied by the Louisiana First Circuit Court of Appeal on December 27, 2007,[17] and the Louisiana Supreme Court on November 10, 2008.[18]  He

---

[12]  State Rec., Vol. I of I.

[13]  State v. Batiste, No. 2006 KW 2055 (La. App. 1st Cir. Nov. 29, 2006) (unpublished); State Rec., Vol. I of I.  His subsequent motion requesting that the Court of Appeal specify its reasons for that denial was likewise denied.  State v. Batiste, No. 2006 KW 2055 (La. App. 1st Cir. Jan. 16, 2007) (unpublished); State Rec., Vol. I of I.

[14]  State Rec., Vol. I of I.

[15]  State v. Batiste, No. 2007 KM 1804 (La. App. 1st Cir. Sept. 14, 2007) (unpublished); State Rec., Vol. I of I.

[16]  State Rec., Vol. I of I.

[17]  State v. Batiste, No. 2007 KW 2046 (La. App. 1st Cir. Dec. 27, 2007) (unpublished); State Rec., Vol. I of I.

[18]  State ex rel. Batiste v. State, 996 So.2d 1064 (La. 2008) (No. 2008-KH-0434); State Rec., Vol. I of I.

then filed with the Louisiana Supreme Court a motion for reconsideration which was likewise denied on January 16, 2009.[19]

In the interim, on October 15, 2008, petitioner filed with the state district court a "Motion for Commutation/Modification of Sentence" which was denied on October 27, 2008.[20] Additionally, on January 14, 2009, he filed with the state district court a "Motion to Quash Habitual Offender Bill of Information" which was likewise denied on February 3, 2009.[21]

While that final motion was still pending, petitioner filed the instant federal application for *habeas corpus* relief on January 23, 2009.[22] In support of his application, he raises several claims challenging his multiple offender adjudication. Specifically, he contends that the state's multiple offender law is unconstitutional, he was not advised of his right to remain silent in the multiple offender proceedings, and the multiple offender law is inapplicable in his case.

The state argues that petitioner's federal application is untimely.[23] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

---

[19] State *ex rel.* Batiste v. State, 998 So.2d 99 (La. 2009) (No. 2008-KH-0434).

[20] State Rec., Vol. I of I.

[21] State Rec., Vol. I of I.

[22] Rec. Doc. 1.

[23] Rec. Doc. 6.

– 5 –

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Reviewing petitioner's application, the Court finds that subsections (B), (C), and (D) are clearly inapplicable.

As to subsection (B), there is no allegation that petitioner's ability to file a post-conviction application was impeded by any action of the State.

As to subsection (C), petitioner's claims do not involve a newly recognized constitutional right.

The Court also finds that subsection (D) is inapplicable. The Court notes that petitioner, in explaining why his final claim is unexhausted, states that he first discovered the legal basis for that claim while doing legal research on December 14, 2008.[24] If petitioner also meant that explanation as a reason subsection (D) should apply, the Court disagrees. As noted, subsection (D)

---

[24] Rec. Doc. 1, pp. 10-12.

delays the commencement of the one-year period until "the date on which the *factual predicate* of the claim or claims presented could have been discovered through the exercise of due diligence." (Emphasis added.) Petitioner was aware of the *factual predicate* of his instant claims at the time of his habitual offender adjudication. While it may be true that he was unaware of the *legal significance* of those facts until his legal research in 2008, that is of no moment. "[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001); see also Brown v. Michael, Civ. Action No. 06-1987, 2007 WL 677225, at *1 (W.D. La. Feb. 28, 2007); Isbell v. Ryan, 200 F.Supp.2d 957, 960 (C.D. Ill. 2002). Accordingly, petitioner cannot avail himself of the exception found at 28 U.S.C. § 2244(d)(1)(D).

Accordingly, subsection (A) is applicable in the instant case. As noted, that subsection provides that a petitioner's federal application must be filed within one year of the date on which his underlying criminal judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Here, petitioner was found to be a second offender and was sentenced as such on February 1, 2005. Pursuant to subsection (A), his conviction and sentence therefore became final thirty days later on March 3, 2005, upon the expiration of his period for seeking direct review. See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal); La.C.Cr.P. art. 914 (a criminal defendant has thirty days in which to file a motion for appeal); see also Reames v. Cooper, Civ. Action No. 08-4037, 2009 WL 799981, at *1 (E.D. La. Mar. 24, 2009); Addison v. Louisiana, Civ. Action No. 07-3069, 2009 WL 331416, at *3 (E.D. La. Feb. 10, 2009). Accordingly,

the period that he had to file his application for federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). Therefore, this Court must determine which, if any, of petitioner's post-conviction filings entitle him to statutory tolling.

Petitioner's first post-conviction filing was his "Motion to Reconsider and/or Modify Sentence" filed on September 27, 2005. However, Louisiana law provides:

> In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

La.C.Cr.P. art. 881.1(A)(1). In the instant case, petitioner did not file his motion within thirty days and the trial court did not extend that filing deadline at sentencing. Accordingly, his motion to reconsider sentence, which was filed almost *eight months* after imposition of sentence, was clearly untimely under state law. An untimely application is not "properly filed" and, therefore, entitles a petitioner to no tolling credit. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005); Batiste v. Louisiana, Civ. Action No. 06-2331, 2006 WL 2710485, at *2 (E.D. La. Sept. 20, 2006); Soileau v. Terrell, Civ. Action No. 06-0643, 2006 WL 2375616, at *3 (W.D. La. June 19, 2006) (Hill, M.J.) (adopted by Doherty, J., on August 16, 2006).[25]

---

[25] Nevertheless, even if petitioner were given tolling credit for that motion, his federal application would still be untimely.

Petitioner's next filing was his "Motion to Obtain Court Transcripts" filed on November 14, 2005. Motions seeking production of transcripts or other documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

However, after three hundred nineteen (319) days of his one-year period elapsed, petitioner *did* toll the statute of limitations by filing his state post-conviction application on January 17, 2006. Although that application was denied on January 24, 2006, tolling continued until February 23, 2006, when his thirty-day period expired for seeking review of the trial court's denial by filing a writ application with the intermediate appellate court. See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007).

At that point, with forty-six (46) days of the statute of limitations remaining, petitioner had only until April 10, 2006, either to again toll the limitations period or to file his instant federal application.[26]

---

[26] Out of an abundance of caution, the Court notes that an additional issue may be relevant. On September 1, 2005, Chief Judge Helen G. Berrigan of this Court issued the following order:

Petitioner clearly is not entitled to further statutory tolling. At no time during the period of February 24, 2006, through April 10, 2006, did he have a properly filed application for post-conviction relief or other collateral review attacking a conviction or sentence pending in state court. The only state application he had pending during that period was the request for documents filed on or about February 8, 2006; however, as previously noted, such requests for documents do not toll the federal limitations period. Although petitioner also filed his first federal *habeas corpus* application during that period, federal applications likewise do not toll the limitations period. Duncan v. Walker, 533 U.S. 167, 172 (2001); *In re* Wilson, 442 F.3d 872, 876 n.5 (5th Cir. 2006).[27]

---

> Due to Hurricane Katrina and its aftermath, and the direct consequences of evacuation, the disruption of services and communication in the region, and the Courthouse in New Orleans, as well as numerous attorneys' offices, being temporarily inaccessible,
> IT IS HEREBY ORDERED that all deadlines and delays, including liberative prescriptive and peremptive periods in cases pending or to be filed in this Court, are hereby suspended until ordered otherwise.

On November 3, 2005, Chief Judge Berrigan ordered that the suspension was "terminated effective November 25, 2005, except for good cause shown as determined by the presiding judge." Arguably, the Chief Judge's order effectively suspended the federal limitations period so that no portion of that period elapsed from September 1, 2005, through November 25, 2005. See Mark v. Michael, Civ. Action No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008); McCracken v. Louisiana, Civ. Action No. 07-9540, 2008 WL 2951214, at *7 n.47 (E.D. La. July 25, 2008). If so, petitioner would have had another eighty-six (86) days, or until July 5, 2006, to file his federal application. However, even under that scenario, petitioner's federal application would still be untimely.

[27] The Court notes that petitioner filed a number of state motions and applications *after* the limitations period expired. However, state applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be *equitably* tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). For the following reasons, the Court finds that petitioner has not met his burden of proof for such tolling.

Petitioner appears to argue that he is entitled to equitable tolling based on both his *pro se* status and alleged delays caused by Hurricane Katrina.[28] The Court rejects both of those contentions.

It is clear that a prisoner's *pro se* status does not warrant equitable tolling. "[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); Singleton v. Cain, Civ. Action No. 06-3761, 2007 WL 3342532, at *3 (E.D. La. Nov. 9, 2007); Bryant v. Louisiana, Civ. Action No. 06-0088, 2007 WL 2323383, at *3 (E.D. La. Aug. 9, 2007). Moreover, ignorance of the law, even for an incarcerated *pro se* petitioner, simply is not a basis for granting equitable tolling. Felder, 204 F.3d at 172-73; Daughtry v. Louisiana, Civ. Action No. 06-3422, 2009 WL 249732, at *3 (E.D. La. Jan. 30, 2009).

---

[28] Rec. Doc. 1, p. 13.

As to Hurricane Katrina, petitioner offers no explanation as to how the hurricane caused him any delay. In any event, the record conclusively refutes any suggestion that petitioner's litigation efforts were adversely affected. For example, despite the hurricane, which made landfall in August of 2005, petitioner was able to file a "Motion to Reconsider and/or Modify Sentence" on September 27, 2005, a "Motion to Obtain Court Transcripts" on November 14, 2005, a state application for post-conviction relief on January 17, 2006, a motion for documents on February 8, 2006, *and* his first federal *habeas corpus* application on March 30, 2006. In light of those filings, it is ridiculous for petitioner to suggest that the hurricane prevented him from filing this instant application in a timely manner.

In summary, petitioner has brought forth no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no reason that would support such tolling of the statute of limitations in this case.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 10, 2006, in order to be timely. His federal application was not filed until January 23, 2009,[29] and it is therefore untimely.

---

[29] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner declared on his application that it was placed in the prison mailing system on "1-23-08"; however, it is clear that he meant January 23, 2009.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Randy Lee Batiste be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eleventh day of May, 2009.

                                          **SALLY SHUSHAN**
                                          **UNITED STATES MAGISTRATE JUDGE**